IN THE COURT OF APPEALS OF TENNESSEE

CHARLES WILLIAM COULTER and     ) C/A NO. 03A01-9505-CH-00150
wife DONNA LEE COULTER,         ) HAMILTON COUNTY CHANCERY COURT
                                )
        Plaintiffs-Appellants,  )
                                )
                                )
v.                              ) HONORABLE HOWELL N. PEOPLES,
                                ) CHANCELLOR
                                )
                                )
RICHARD ANTHONY HENDRICKS,      )
                                )
        Defendant-Appellee.     )

FILED

October 3, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

CONCURRING OPINION

        I concur wholeheartedly in the majority opinion.  I write separately to address the plaintiffs' contention that their sister married Richard Anthony Hendricks "in jest."  Even assuming, for the purpose of argument, that the common law requirement of mutual intent to be bound is still a requirement for a valid marriage in Tennessee, an allegation that the parties married in jest is conclusory in nature.  Furthermore, it is not supported in the complaint by factual allegations and hence not conceded to be true by the defendant's motion to dismiss.  Such a pleading admits well-pled facts, not conclusions of the pleader. *See Swallows v. Western Electric Co., Inc.*, 543 S.W.2d 581, 583 (Tenn. 1976); *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. App. 1992).  Therefore, the conclusory allegation of a marriage in jest does not render the trial court's action of dismissal inappropriate.  The well-pled facts, liberally construed in favor of the plaintiffs, do not make out a cause of action.

1

_____
Charles D. Susano, Jr., J.